IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PARALLEL IRON, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-769 (RGA) |
| | ) | |
| NETAPP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF MICHAEL EISLER**

I, Michael Eisler, declare as follows:

1.      I am Senior Technical director, at NetApp, Inc. ("NetApp").   I have held this position since May 20, 2006.

2.      As Senior Technical director, I am responsible for overseeing critical technical innovations and development projects for NetApp, including NetApp's "Data ONTAP" platform, a $4 billion product line.

3.      I also have extensive knowledge regarding the parallel Network File System ("pNFS"), a protocol that, generally speaking, increases data access performance by allowing client servers to directly access data stored in data servers.  pNFS is part of what's known as "NFS version 4.1," which is an industry standard developed by the Internet Engineering Task Force ("IETF").  I am an author of the IETF's "Request for Comments 5661," which defines the pNFS standard.  The IETF pNFS working group includes members from a broad cross-section of leading storage and system vendors and researchers.

4.      I also have general knowledge of all aspects of the technology used for data storage, and have lead projects in data storage security, data protection, and clustered file systems.

5.      On July 17, 2012, I was informed by NetApp legal personnel that NetApp had been sued on by Parallel Iron, LLC ("PI").  I evaluated PI's Complaint, which accused NetApp's products and/or services implementing pNFS of infringing three U.S. Patents, Nos. 7,197,662, 7,543,177, 7,958,388.

6.      Based on my experience and expertise, I was asked to investigate PI's claims regarding pNFS.  Among other things, I considered NetApp's products involving pNFS, analyzed how pNFS might relate to the patents-in-suit, and assisted outside attorneys in the defense of the litigation.

7.      For example, I performed a claim-by-claim analysis of Parallel Iron's patents and how the claims might relate to pNFS.  I prepared and met with NetApp's outside counsel for numerous hours on July 24, 2012, and then performed follow-up investigation based on that meeting.  I considered and provided further analysis and potential pNFS expert information.  I prepared for and met again with outside counsel on December 11, 2012, and provided follow-up assistance and investigation through emails several times during the course of this litigation.

8.      In the course of this analysis, it was apparent that many of PI's accusations were about technology that had nothing to do pNFS, and everything to do with other storage technologies that had been invented and publicized decades prior to PI's founding. As a result, I had to recommend the use of other NetApp subject matter experts, such as Blake Lewis, Technical Director, and Steve Strange, Technical Director to analyze these claims.

9.      PI designated David Thiel as an expert in this matter. NetApp's outside counsel required information with regard to Mr. Thiel's qualifications, requiring time from Santosh Rao, NetApp Technical Director.

10.     Because several of PI's accusations went to the heart of RFC 5661, an open standard for pNFS, I had to spend time with NetApp's internal and outside counsel to determine if we needed to disclose these accusations to the standard's body, IETF, per the intellectual property rules that all participants, including NetApp, must adhere to.

11.     These activities regarding the investigation of PI's accusations regarding pNFS required considerable hours, resources, and disruption.  For example, I estimate that I spent 25 hours relating to this investigation.  I was further forced to give up working on critical projects for NetApp while I was distracted with this investigation, including the NetApp Open Systems Backup project, which barely made the functional freeze cut-off for its target release of Data ONTAP, code named FullSteam.

12.     The result of all of this in my opinion was a substantial toll on NetApp's normal business activities, which are geared towards innovation and client service.  I believe that a cursory investigation would have revealed that PI's patents neither implicate pNFS, nor are they novel in any aspect of data storage.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 28 day of March 2014.

_____
Michael Eisler

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 31, 2014, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
Sara E. Bussiere, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiff*

Marc Fenster, Esquire                                       *VIA ELECTRONIC MAIL*
Brian Kedahl, Esquire
RUSS AUGSUT & KABAT
12424 Wilshire Boulevard
Suite 1200
Los Angeles, CA  90025
*Attorneys for Plaintiff*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)